IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AKI NEWMAN, | : |
|       Plaintiff, | : |
| v. | : Civil Action No. 21-1731-CFC |
| NEWPORT POLICE DEPARTMENT, et al., | : |
|       Defendants. | : |

Aki Newman, New Castle, Delaware. Pro Se Plaintiff.

## MEMORANDUM OPINION

April 4, 2022
Wilmington, Delaware

*[signature]*
**CONNOLLY, Chief Judge:**

Plaintiff Aki Newman appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4) He commenced this action pursuant to 18 U.S.C. § 242. (*See* D.I. 2-1 civil cover sheet). The Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

The following facts are taken from the Complaint and assumed to be true for screening purposes. *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). Plaintiff sues the Newport Police Department and Cities Insurance Association of Washington.

Plaintiff alleges that on December 5, 2021, police from the Newport Police Department who had tried to kill Plaintiff "vowed to finish the job." (D.I. 2 at 4) Plaintiff explains that he had an encounter with an officer who apparently believed Plaintiff was involved in a drug transaction, Plaintiff was riding his dirt bike, a black Chevy truck came for him and scared Plaintiff, he "pulled off" and the police chased him. (*Id.* at 5) Plaintiff awakened in the ICU. (*Id.*) Plaintiff alleges his teeth were knocked out, he suffers from headaches, has brain damage, PTSD, and fears death. He alleges that the same officer later approached him again. Plaintiff seeks 10.5 million dollars in damages.

**I.    LEGAL STANDARDS**

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir.

1

2013). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 957 F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief can be granted pursuant to the screening provisions of 28 U.S.C. § 1915(e)(2)(B), the Court must grant Plaintiff leave to amend the complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) assume the veracity of any well-pleaded factual allegations and then determine whether those allegations plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## II.   DISCUSSION

### A.   Criminal Charges

The Complaint states that the basis for jurisdiction is a defendant that is the United States or a federal official or agency. There are, however, no federal defendants. The civil cover sheet states that this matter arises under 18 U.S.C. § 242 which is a federal criminal statute.

To the extent that Plaintiff seeks to impose criminal liability upon Defendants pursuant to the criminal statute upon which he relies, he lacks standing to proceed. *See Allen v. Administrative Office of Pennsylvania Courts*, 270 F. App'x 149, 150 (3d Cir. 2008); *see United States v. Friedland*, 83 F.3d 1531, 1539 (3d Cir. 1996) ("[T]he United States Attorney is responsible for the prosecution of all criminal cases within his or her district."). The decision of whether to prosecute, and what criminal charges to bring, generally rests with the prosecutor. *See United States v. Batchelder*, 442 U.S. 114, 124 (1979). Therefore, the claim under 18 U.S.C. § 242 will be dismissed as frivolous pursuant to pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

### B.   42 U.S.C. § 1983

To the extent Plaintiff intended the Complaint raise civil rights claims under 42 U.S.C. § 1983, the allegations are deficient. To prevail on a § 1983 claim, a plaintiff must show that a person (or persons), acting under color of law, deprived him of a constitutional right. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled on other grounds by *Daniels v. Williams*, 474 U.S. 327 (1986; *Thomas v. Tice*, 948 F.3d 133, 138 (3d Cir. 2020).

There are no allegations that either Defendant is a state actor. In addition, assuming the New Police Department is a state actor, the claim against it, nonetheless fails. In order for a civil rights plaintiff to successfully sue a municipal entity under § 1983, the plaintiff must show that his injury was caused by municipal policy or custom is equally applicable, irrespective of whether the remedy sought is money damages or prospective relief. *See Los Angeles County v. Humphries*, 562 U.S. 29 (2010). The Complaint contains no such allegations.

Accordingly, the claim will be dismissed the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

## CONCLUSION

For the above reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). Plaintiff will be given leave to amend.

An appropriate Order will be entered.